JOHN W. McKIM, Judge of Probate, *vs.* LILLIE B. TITUS & another.

Suffolk.    November 17, 1902. — January 6, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Practice, Civil,* Discontinuance, Assessor's report.

Where, in an action against the principal and sureties on a guardian's bond, there has been a finding for the plaintiff and an assessment of damages in the amount of the penal sum of the bond, and the case has been sent to an assessor to determine the sum for which execution should issue, and the assessor has filed his report, and a motion to confirm the report has been made but not acted on, and there also is pending a motion for an amendment, the case is not ripe for judgment under Rule 25 of the Superior Court, and, there having been no judgment, the presiding judge under Pub. Sts. c. 167, § 42, may allow the plaintiff to discontinue as against one defendant.

Where, on a motion to recommit the report of an assessor as to the amount for which execution should issue after a finding for a plaintiff in the amount of the penal sum of a bond, no error appears on the face of the report, and there has been no request to the assessor to state evidence, to make rulings of law or to find specific facts, and no exceptions to the report have been filed, the motion to recommit should be dismissed and an order should be made confirming the report.

BARKER, J.    This was a suit upon a guardian's bond brought for the benefit of two persons who had been wards of one Nelson V. Titus, who died before the beginning of the suit.    The defendants were Lillie B. Titus, who was one of the sureties, Michael Freeman, Jr., being the other surety, and the same Lillie B. Titus, as executrix of the will of Nelson V. Titus, the deceased guardian and principal maker of the bond in suit.

At the trial it was admitted that there had been a breach of the bond and a finding was then entered for the plaintiff, assessing damages in the sum of $5,000, which was the penal sum of

the bond, and the case was sent to an assessor to determine the amount for which execution should issue. At the same time it appeared that since the beginning of the action the defendant Lillie B. Titus had been removed from her trust and office as executrix, by a decree of the Probate Court, from which decree she had taken an appeal, which at the time of the hearing was pending undetermined. In view of this circumstance the judge who heard the suit upon the bond suggested at the trial that if the appeal should not have been determined when the assessor's report should come in, the plaintiff should then discontinue the action against Lillie B. Titus as executrix. The trial and finding and the rule to the assessor were on November 22, 1901. The rule required the assessor to hear the parties and their evidence, to determine the amount for which execution should issue, and to report his findings to the court, together with such facts and questions of law as either party might request. The report was made on November 25, 1901. No exceptions to it were filed by either party, and there is nothing to show that the assessor was requested by either party to report any specific facts or any questions of law. The report stated the assessor's appointment and that he had heard the parties and their evidence, but did not report any evidence. Beginning with a statement of the amount of the balance due from the guardian as given in his last probate account, the report stated certain charges and deductions and found a balance of $768.12, from which, after stating that in arriving at that balance the assessor had disallowed a certain claim, the report went on to deduct the sum of $15 for guardian's services; and found finally that the total damages for which execution should issue were the sum of $753.12. The first Monday of December, 1901, was on the second day of the month.

On December 5, 1901, the plaintiff moved that the assessor's report be confirmed and that judgment be entered forthwith for the plaintiff in the sum of $5,000 and execution ordered for $753.12 for the benefit of the wards. This motion was heard on January 2, 1902, when its allowance was opposed by the defendant Lillie B. Titus as an individual, and by the defendant Freeman. At this hearing the plaintiff filed a discontinuance as against Lillie B. Titus, executrix, retaining the suit against

her as an individual and against Freeman, it appearing that the appeal from the probate decree removing the executrix was still undetermined. The defendant Freeman asked for a ruling that the plaintiff could not then so discontinue, which was refused, and the court allowed the plaintiff so to discontinue. The defendant Freeman also asked to have the report recommitted to the assessor, which the court refused, and confirmed the report and ordered that the amount for which execution should issue should be as stated in the report. The defendant Freeman excepted to these orders and refusals, and on January 7, 1902, he also claimed an appeal from the order allowing the plaintiff's motion to discontinue, and from the order confirming the assessor's report finding for the plaintiff and ordering execution to issue. The same written instrument also purports to claim an appeal " from the judgment entered therein upon the 22d day of November, 1901, from the judgment entered therein on the first Monday of December, 1901, and from the judgment entered therein January 4, 1902, and upon January 6th, 1902."

At the same hearing of January 2, 1902, the defendant Lillie B. Titus in her own right excepted to the order confirming the assessor's report and ordering that the amount for which execution should issue should be as stated in the report; and she also appealed from the same order.

Both bills of exceptions and also the appeals mentioned have been entered in this court.

1. The first contention of the defendant Freeman in support of his exceptions and appeals is that judgment for the plaintiff against all three defendants was in effect entered on December 2, 1901, on the finding of November 22, 1901. In support of this contention he relies on St. 1885, c. 384, § 12, allowing courts to make general rules as to the entry of judgments by their clerks, and upon Rule 25 of the common law rules of the Superior Court providing that judgments may be entered on the first Monday of every month, in all actions ripe for judgment. But the present action was not ripe for judgment on the first Monday of December, 1901. On the contrary, at that time, although there had been a finding for the plaintiff and an assessment of damages in the amount of the penal sum of the bond, the case had been sent to an assessor after the finding and as-

sessment of damages, to determine, in accordance with the statute, the sum for which execution should issue; and the action was still unfinished and pending, the report not having been confirmed, and the question of an amendment raised at the hearing of November 22, 1901, also not having been settled. Therefore there was no judgment under the rule, since it did not apply. There having been no judgment, the court had authority under Pub. Sts. c. 167, § 42, to allow the plaintiff to discontinue as against one defendant.

2. The remaining contention of the defendant Freeman is that the assessor's report should have been recommitted, and that it was wrong to refuse so to do, and wrong to confirm it and to order that the amount for which execution should issue should be that stated in the report.

The report is before us in full. In substance it charges the guardian with $979.54, as a balance of August 17, 1896, and then finds a balance of $768.12 on November 25, 1901, by a computation the data of which are not given, but the elements of which are said to be payments made to the wards, and interest at the rate of five per cent, the rate at which the fund was invested. This balance is then lessened by a commission allowed the guardian of five per cent upon the interest, with which the assessor charges the guardian in arriving at the balance of $768.12, and of two and one half per cent upon the amount of principal paid over to the wards before the suit was brought, the first commission being on $200.18, and amounting to $10; and the second on $211.57, and amounting to $5. Deducting $15, the sum of these two commissions, from the balance of $768.12, the report finds $753.12, as the amount for which execution should issue.

It is contended that as the interest of $979.54, from August 17, 1896, to November 25, 1901, at the rate of five per cent is more than $200.18, there was here a manifest error which made it the duty of the court to recommit the report, and wrong to confirm it. But it is evident from the report that from time to time between August 17, 1896, and the bringing of the suit, there were payments made to the wards, and that these payments were greater in amount than the amount of interest which had accrued when they were made, and were upon principal to

such an extent that when the report was made, the principal, without any allowance for the guardian's services, had been reduced to $768.12, all accrued interest having been also paid. While it is stated in that part of the report which allows a further deduction for services, that the amount with which the guardian is in effect both charged and credited as interest by the report is $200.18, and that the total amount of principal paid over before suit brought is $211.57, as in no instance is the date or amount of any payment given it cannot be said that any error appears upon the face of the report.   As there had been no request to the assessor to state evidence, to make rulings of law or to find specific facts, and as no exceptions to his report had been filed, the judge properly refused to recommit the report, and properly ordered it confirmed, and entered judgment and ordered execution.

The same considerations dispose of the exceptions and appeal of the defendant Lillie B. Titus.   Indeed it is stated explicitly in her bill of exceptions that at the hearing upon the question of confirming the assessor's report, no error was shown.

> *Exceptions of Lillie B. Titus overruled; exceptions of Michael Freeman, Jr. overruled; all orders appealed from affirmed; judgment for plaintiff affirmed.*

*J. P. Crosby,* (*M. J. Creed* with him,) for the plaintiff.

*M. Freeman, Jr., pro se,* filed a brief.