MARTIN PACKARD *vs.* GARDNER W. REYNOLDS.

In an action on an account annexed, each item of the account as to which a separate and
distinct issue is raised is a cause of action as to which, under the St. of 1865, *c.* 207, § 2,
the wife of either party is a competent witness on the trial, if it was transacted with her
in the absence of her husband.

In an action for services rendered to the defendant, the plaintiff, without being first com-
pelled to elect whether he will rely on an express or an implied contract, may offer evi-
dence of an express agreement of the defendant to pay for them, and at the same time
show that they were rendered under such circumstances as to imply such an agreement.

The refusal of a judge of the superior court to recommit the report of an auditor is a mat-
ter of discretion, and not a subject of exceptions.

The testimony of an auditor to whom a case has been referred is inadmissible to contradict
or modify his report.

CONTRACT on an account annexed containing three items, the
first for board of the defendant and his wife, the second for
board of their child, and the third for half a cord of manure.

At the trial in the superior court, before *Devens*, J., the plain-
tiff offered in evidence the report of an auditor to whom the case
had been referred, which was in the plaintiff's favor on each
item of the account, and the material part of which for the pur-
poses of this report was as follows:

" The plaintiff claimed to be entitled to recover upon all the

items of his account on an implied contract, and upon the first item on the ground of an express contract made by the defendant with the plaintiff's wife in the plaintiff's absence. The plaintiff offered himself as a witness, was admitted, and gave testimony generally upon all the items, tending to show an implied contract as to all of them; and then called his wife as a witness to prove an express contract as to the first item, made by her with the defendant in the absence of the plaintiff. The defendant objected to her being a witness; and contended that the plaintiff could not proceed to establish his claim upon both grounds, but must elect which ground he would proceed upon; and also contended that he had elected to proceed upon the ground of an implied contract as to all the items, and ought not, and could not in law, be allowed to introduce his wife as a witness to prove an express contract of the defendant with the plaintiff's wife in his absence as to the first item. I ruled that it was competent for the plaintiff to offer evidence of an implied contract as to all the items of his account, and his wife's testimony of any express contract made by the defendant with her as aforesaid as to the first item; and that the plaintiff might proceed upon both grounds, and was not obliged to elect. I therefore admitted the wife as a witness as to such express contract. And I found for the plaintiff, upon the first item, on the ground of an express contract; and upon the other two items, on the ground of an implied contract, independently of the wife's testimony."

The defendant objected to the introduction of this report in evidence; and also " moved the court to allow the auditor to amend it so as to show that the plaintiff's wife testified generally as to the whole case, but the judge overruled the motion upon the ground that it was not seasonably made, the report having been once recommitted during the term, and a supplementary report made five days before the trial." The defendant then proposed to call the auditor as a witness to prove that the plaintiff's wife did so testify; but the judge refused to admit such evidence, and allowed the report to be read to the jury whereupon the defendant submitted to a verdict for the plaintiff, and alleged exceptions.

*J. B. Harris,* for the defendant.

*J. White,* for the plaintiff.

CHAPMAN, C. J.  By the St. of 1865, *c.* 207, § 2, whenever the contract or cause of action in issue and on trial was made or transacted with the wife of any one of the parties in the absence of her husband, she may be a witness for either party although not joined in the suit.  In this case, the cause of action in issue and on trial consisted of three separate items, set forth in a bill of particulars annexed to a count on an account annexed.  There are three separate contracts, each item containing one ; and though the cause of action is one in the declaration, yet on the trial there were three distinct causes of action to be heard, each of which was in issue.  The first item was for the board of the defendant and his wife.  It was contended by the plaintiff that the contract for the board was made by the defendant with the plaintiff's wife in his absence ; and the finding of the auditor is placed explicitly on that ground. As to such a matter, the statute makes her a witness.  But it does not make her a witness as to the other causes of action set forth in the other items.  The court properly admitted her to testify as to that contract and cause of action.  If her husband knew that the board was furnished in such a manner as to imply a contract to pay in case there had been no express contract, he was also a competent witness to testify what he knew ; and the judge properly declined to order him to elect beforehand whether he would rely upon an express or an implied contract. He had a right to put in all the competent evidence he had, and avail himself of it in any legal way.  It appears by the auditor's report that he also admitted the wife to testify as to that matter only.

The motion to recommit the report was addressed to the discretion of the judge, and his decision is not subject to exception.  The report having been read in evidence, the defendant had no right to call the auditor to contradict it.  *Monk* v. *Beal,* 2 Allen, 585.                    *Exceptions overruled.*