HENRY L. BUTTERWORTH & another *vs.* WESTERN ASSURANCE COMPANY.
SAME *vs.* GERMAN AMERICAN INSURANCE COMPANY.

Worcester.    Oct. 5, 1881. — April 4, 1882.    LORD, W. ALLEN & C. ALLEN, JJ., absent.

The declaration in an action against an insurance company alleged that the defendant made to the plaintiff a policy of insurance, and set out its legal effect; that the defendant was " bound by the terms of said policy to pay the plaintiff a proportionate share as hereinafter set forth of said loss; " that at the time of the loss the plaintiff held certain other policies of insurance upon the property destroyed, (naming the several companies which issued the policies,) " amounting in the aggregate, including the policy issued by the defendant corporation," to a sum stated, " and the said insurance companies were liable to the plaintiff under said policies for such portion of the loss sustained as the sum insured by each of said companies bore to the whole amount insured by all of said companies thereon, and the defendant corporation was liable for and bound to pay the plaintiff its said proportionate share, to wit" (naming a sum equal to the whole amount insured by the defendant). *Held,* on demurrer, that the declaration was sufficient.

A motion to recommit an auditor's report is addressed to the discretion of the court, and the decision thereon is not open to exception.

In an action against an insurance company upon a policy of insurance against loss by fire, it appeared that proofs of loss were sent to the defendant in the same month in which the loss occurred, and no objection was made to their sufficiency; that during the same month the plaintiff and the agent of the defendant met and agreed upon an adjustment of the loss; that the defendant afterwards repudiated this adjustment, on the ground that the agent had no authority to make

it, and wrote to the plaintiff refusing to pay "your claim at the maturity of the sixty days from the presentation of your formal proofs of loss," and offering to meet the plaintiff with a view "to explain our position and to have any explanation from you." *Held*, that the defendant had waived the right to object at the trial that the proofs of loss were insufficient.

Under a declaration on a policy of insurance against loss by fire, alleging that the plaintiff has performed the condition of the policy by giving proofs of loss, the plaintiff may show that the defendant has waived any informality in the proofs of loss furnished.

If an action in two counts is properly tried on the second count, no exception lies to a refusal of the presiding judge to rule that there was a variance between the allegations of the first count and the proof.

The question whether there was a variance between the allegations of a declaration and the proof, if not raised at the trial, is not open upon a report of the case.

In actions against insurance companies upon policies of insurance against loss by fire, it appeared that, after insurance had been effected in several companies, the plaintiff made an addition to the building in which was the property insured, and that at the time of the loss a part of the property destroyed was in the addition; that, before this was done, permission was obtained from all the companies except one, whereby the insurance was extended to the property contained in the addition after its completion. In the case of one company, permission was given to erect the addition, "all policies concurrent." It appeared that, at the time this permission was given, it was known to the agent who signed it that the other companies had given permission to erect the addition; and that, by the terms of the permission, the other policies attached to the property in the addition when completed. *Held*, that the property in the addition at the time of the loss was covered by all the policies.

TWO ACTIONS OF CONTRACT upon policies of insurance on machinery, fixtures, stock and furniture in a building occupied by the plaintiffs for the manufacture of boots and shoes in East Brookfield. The cases were tried together in this court, before *Lord*, J., who ordered a verdict for the plaintiff in each case; and reported the cases for the determination of the full court. If the rulings were correct, judgments were to be entered on the verdicts; otherwise, the verdicts were to be set aside or modified, or such order entered as the court might determine. The facts appear in the opinion.

*G. F. Hoar & F. P. Goulding*, for the defendants.

*G. F. Verry & F. A. Gaskill*, for the plaintiffs.

MORTON, C. J. The court is of opinion that none of the reasons assigned by the defendants furnish sufficient grounds for setting aside the verdict in either of these cases.

1. The demurrer to the second count of the declaration as it stood after the final amendment was properly overruled. It is not necessary to set out a copy of the policy. In each case

the declaration alleges that the defendant made to the plaintiffs a policy of insurance, and then sets out its legal effect in terms which, if supported by proofs, would entitle the plaintiffs to recover.    The objection which the defendant makes to it is, that it does not allege with certainty the amount which the defendant was bound to pay to the plaintiffs.    The declaration alleges upon this point that the defendant " was bound by the terms of said policy to pay the plaintiffs a proportionate share, as hereinafter set forth, of said loss ; " it then proceeds to allege that at the time of the loss the plaintiffs held certain other policies of insurance upon the property destroyed, naming the several companies which issued the policies, " amounting in the aggregate, including the policy issued by the defendant corporation, to the sum of \$39,500, and the said insurance companies were liable to the plaintiffs under said policies for such portion of the loss sustained as the sum insured by each of said companies bore to the whole amount insured by all of said companies thereon, and the defendant corporation was liable for and bound to pay the plaintiffs its said proportionate share, to wit, \$2250."    The defendants' argument is, that, in this allegation, the words " and the said insurance companies were liable to the plaintiffs under said policies " apply only to the other insurance companies, and not to the insurance company against which the declaration is made, so that it does not allege what proportionate share the defendant in each case is bound to pay. But this is not the fair construction ' of the declaration.    By " the said insurance companies," the plaintiffs clearly mean all the companies in which insurance has been effected, including the defendant corporation.    Taking the whole count together, it alleges with sufficient clearness that the liability of the defendant in each case is to pay the proportionate share of the whole loss which the sum insured by it bears to the whole amount insured by all the companies.    The fact that it is alleged under a *videlicet* that such proportion amounts to a sum equal to the whole amount insured by the defendant company, is immaterial.    The precise amount insured may be the precise amount of the proportion of each ; as for instance, if, as is alleged in this declaration, the whole loss was exactly equal to the whole amount insured.

2. The defendants' motion to recommit the auditor's report was addressed to the discretion of the court, and the decision thereon is not open to exception. *Packard* v. *Reynolds*, 100 Mass. 153. *Kendall* v. *Weaver*, 1 Allen, 277.

3. Without considering whether the preliminary proofs of loss furnished by the plaintiffs were in all respects sufficient, it is enough to say that there was evidence to justify the jury in finding a waiver of all informalities and insufficiency, if any existed.

The loss occurred on February 4, 1878. Proofs of loss were sent to each company before February 18, 1878. They were received by the companies, and no objection was made to their sufficiency. During the same month of February, the plaintiffs and the agents of the several companies met and agreed upon an adjustment of the loss. The companies afterwards repudiated this adjustment, on the ground that the agents had no authority to make it, and wrote to the plaintiffs refusing to pay " your claim at the maturity of the sixty days from the presentation of your formal proofs of loss," and offering to meet the plaintiffs with a view " to explain our position and to have any explanation from you." No objection is here made to the proofs, but, on the contrary, they are by implication recognized as satisfactory. It is against good faith for the defendants, after having thus lulled the plaintiffs into a feeling of security, to object at the trial that the proofs were not sufficient; and the jury were justified in finding, if not required to find, a waiver by the defendants. *Eastern Railroad* v. *Relief Ins. Co.* 105 Mass. 570. *Priest* v. *Citizens' Ins. Co.* 3 Allen, 602.

The defendants contend that the plaintiffs could not prove a waiver under their pleadings, they having alleged that they had performed the condition of their policy by giving proofs of loss, and not having alleged a waiver. This argument is founded upon a misconception of the meaning and effect of a waiver in a case like this. The acts of the defendants are not an excuse of the plaintiffs for not forwarding proof of loss, but are in the nature of an acknowledgment that they have forwarded sufficient proofs. This is matter of evidence, and not of pleading, and the plaintiffs may properly allege that they have made proofs of loss; and prove that they made proofs which complied

with the policies, by showing that the defendants by their acts have admitted, and are estopped to deny, that they were sufficient and proper. *Blake* v. *Mutual Ins. Co.* 12 Gray, 265.

4. The defendants asked the court to rule that there was a variance between the allegations of the first count and the proofs. As the case was properly tried upon the second count, a variance as to the first count was immaterial, and the defendants were not prejudiced or aggrieved by the refusal of the court to rule as requested.

The defendants also contend that there was a variance between the proofs and the allegations of the second count. This question was not raised at the trial. The objections now made to the count, if well founded, are merely technical and formal, which could have been cured at the trial by an amendment, and which might be cured by an amendment after verdict, it appearing that justice requires it. They are not open to the defendants upon the record before us.

5. It appeared at the trial, that, after the plaintiffs had effected insurance with the several companies, they made an addition to their manufactory, and at the time of the loss by fire a part of the property destroyed was in the addition. Before this was done, permission was obtained from all the companies; and, in each case, except that of the German American Insurance Company, the permission attached to the policies in terms extended the insurance to the property contained in the addition after its completion. In the case of the German American Insurance Company the permission attached to the policy is as follows: "August 10, 1877. Permission given for carpenters to erect addition 48 × 36 feet to within-described boot manufactory, said addition to be completed in fifteen days. All policies concurrent. W. Tufts, agent." The defendants contend that the policy of the German American Insurance Company did not attach to the property in the addition at the time of the loss. It is to be assumed that by the words "all policies concurrent" the parties meant something. It was competent for the purpose of applying the terms of the contract to the subject matter and of removing any ambiguity which arises from such application, to show by parol all the facts and circumstances of the transaction, and the situation and relations of the parties. *Stoops* v. *Smith*, 100

Mass. 63, and cases cited.  It was thus shown before the auditor that there were several policies upon the same property; that all the other companies had attached to their policies a permission to build an addition, which contained an express agreement that the property in the addition was to be covered by the insurance; and that all these facts were known to Tufts when he signed the permission on behalf of the German American Insurance Company.  Viewed in the light of these facts and circumstances, it is impossible to give this contract the construction claimed by the defendants, as if it had read as a part of the sentence preceding it, "provided the other policies concur in giving permission."  The other companies had concurred in giving permission, and this was known to both parties.  The only reasonable conclusion seems to us to be, that the parties intended by the words "all policies concurrent," to agree that the policy to which this permission was attached and made part should concur with the other policies in the terms of the permission; and therefore that the property in the addition at the time of the loss was covered by all the policies.  We do not deem it necessary to consider whether Tufts had original authority to make this agreement, because there was abundant proof that the company adopted and ratified his act, with a full knowledge of its meaning and scope.

These considerations dispose of all the questions raised by the defendants, and the result is, that neither of the defendants shows any reason for setting aside the verdict rendered against it.                        *Judgments on the verdicts.*