JEREMIAH CAREW & another *vs.* SAMUEL STUBBS & another.

Suffolk.    March 6, 1894. — May 16, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Mechanic's Lien — Motion to recommit Assessor's Report.*

A motion to recommit a report to an assessor is addressed to the discretion of the court, and a decision thereon is not a subject of appeal to this court.

If a party desires the findings of an assessor to be reviewed by the Superior Court he should take specific exceptions to the assessor's findings, and request so much of the evidence to be reported as bears upon the points covered by the exceptions ; and any questions of law raised thereon can be brought to this court.

LATHROP, J.   This is a petition, under the Pub. Sts. c. 191, to enforce a mechanic's lien. After the decision reported in 155 Mass. 549, the case was sent to an assessor by the Superior Court, in accordance with an agreement of the parties. The assessor heard the parties and made his report to the court. The respondent Nathaniel M. Jewett, who purchased the premises at a sale made by the mortgagee, filed a motion that the report of the assessor be recommitted to him for a report of all the evidence and facts agreed in the case, and of the rulings asked for by the respondent Jewett. The petitioners filed a motion that the report of the assessor be accepted, and judgment be entered in the case, and that the court order a sale of the property covered by the liens of the petitioners, and that a warrant issue therefor. The court ordered that the report of the assessor be confirmed, and that judgment upon the report

and a decree of sale be entered. From this the respondent Jewett appealed to this court.

Following the report of the assessor is what is headed " Prayers of defendant to assessor for ruling," and which begins thus: " On the whole evidence only nominal damages can be found for either of the petitioners." Certain reasons are then set forth, all of which contain statements relating to the evidence, which is not before us. The rule to the assessor did not require him to report the evidence. He did not report it ; and the court, when the matter was called to its attention, did not require him to do so.

1. The motion to recommit the report to the assessor was addressed to the discretion of the court, and is not a subject of appeal to this court. *Kendall* v. *Weaver*, 1 Allen, 277. *Monk* v. *Beal*, 2 Allen, 585. *Packard* v. *Reynolds*, 100 Mass. 153. *Butterworth* v. *Western Assurance Co.* 132 Mass. 489.

2. If the respondent Jewett desired the findings of the assessor to be reviewed by the Superior Court, he should have taken specific exceptions to the assessor's findings, and have requested so much of the evidence to be reported as bore upon the points covered by the exceptions. *Paddock* v. *Commercial Ins Co.* 104 Mass. 521, 531. See also *Heebner* v. *Eagle Ins. Co.* 10 Gray, 131, 139. If this had been done, and any questions of law had been raised, these questions could have been brought to this court; but on the record before us no such questions appear.

*Judgment affirmed.*

*G. W. Estabrook*, for the respondent Jewett.

*A. H. Russell*, for the petitioner Carew.

*E. J. Hadley*, for the other petitioners.