DAVID CRAIG & another *vs.* JULIA B. FRENCH.

Suffolk.     November 25, 1901. — May 19, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Practice, Civil.   Contract,* Implied.

A motion to recommit a case to an auditor is addressed to the discretion of the court, and an order granting or refusing it is not the subject of an exception or of an appeal.

By a contract in writing the plaintiff agreed to perform all the labor necessary for the erection of certain plumbing fixtures in the house of the defendant for a sum named, and to supply all the materials used at an advance of ten per cent over the cost of the stock.  An auditor found that the plaintiff had performed the terms of the contract, but that most of the prices charged for the materials were excessive and not justified by the contract, and restated the account changing the prices as required by the evidence.  The judge found the facts to be as stated by the auditor and found for the plaintiff.  The defendant contended that the plaintiff could not recover on the contract, but only on a common count under which he must prove that his work benefited the defendant, and that he could recover only the increased market value of the defendant's house by reason of his work in accordance with the rule in *Gillis* v. *Cobe,* 177 Mass. 584.  *Held,* that the rule in *Gillis* v. *Cobe* did not apply to the case, as the plaintiff had performed his contract.

CONTRACT, with one count on an account annexed for work and materials furnished for gas fittings, and another count on a contract in writing for doing certain plumbing work in the defendant's house and supplying the materials therefor.   Writ in the Municipal Court of the City of Boston, dated November 10, 1896.

On appeal to the Superior Court the case was tried before *Mason,* C. J., without a jury, upon an auditor's report and oral testimony.   The judge found the facts to be as stated in the auditor's report, and found for the plaintiffs in the sum of $1,511.38.   The defendant alleged exceptions.

*H. Dunham,* for the defendant.

*R. Cushman & C. T. Cottrell,* for the plaintiffs.

LATHROP, J.   This is an action of contract.   The declaration contains two counts.   The first count is upon an account annexed for work and materials furnished by the plaintiffs to the defendant, and embraces charges for labor and for gas fittings furnished for and put into the defendant's house on Beacon Street, upon

an oral agreement by which the plaintiffs were to charge a fair and reasonable amount for the same. The second count is upon a contract in writing, by the terms of which the plaintiffs agreed for $275 to perform all the labor necessary for the erection of certain plumbing fixtures in the same house, and to supply all the material used at an advance of ten per cent over the cost of the stock. The contract concluded with these words: " We hereby agree to do all the plumbing work above the basement by October 1st, provided owner gives all assistance desired by us to forward the work. We agree to have the work in the basement completed ten days later." Annexed to this count was a bill of particulars. The plaintiffs also declared for certain additional labor and materials not included in the contract.

The case was sent to an auditor, who found that the plaintiffs furnished the labor and materials set forth in the first count, that the prices therein charged as to almost every item were fair and reasonable; and that he had restated the account, changing the prices charged as required by the evidence.

As to the second count, the auditor found that the charges for labor and the quantity of plumbing material furnished were set forth with substantial accuracy, but that in most instances the prices charged for the material were excessive, and not justified by the contract. He therefore restated this account.

The auditor also found for the plaintiffs for additional labor and material not included in the contract.

Various defences were set up, which were disposed of by the auditor in favor of the plaintiffs. He also found that the plaintiffs had in substance carried out the terms of their contract with the defendant.

At the trial in the Superior Court the defendant asked that the report should be recommitted to the auditor; and took an appeal from the refusal of the judge to grant the motion.

Much evidence was introduced by the defendant at the trial, and is set forth in the bill of exceptions; but the judge ruled that the auditor's report was prima facie evidence upon the questions of fact, and that upon the points wherein the report was attacked it remained evidence to be weighed with the other evidence. He also found the facts to be as stated in the auditor's report; and found for the plaintiffs.

The questions of law which arise in the case are as to the refusal to recommit to the auditor, and also to the refusal to give certain requests for rulings, which are before us on exceptions.

1. The appeal may be briefly disposed of. A motion to recommit a case to an auditor is addressed to the discretion of the court, and is not the subject of an exception or of an appeal. *Kendall* v. *Weaver*, 1 Allen, 277. *Packard* v. *Reynolds*, 100 Mass. 153. *Butterworth* v. *Western Assurance Co.* 132 Mass. 489. *Carew* v. *Stubbs*, 161 Mass. 294.

2. The first request for instructions, which was refused, was: " On the evidence the plaintiff cannot recover on the second count in the declaration." The defendant relies upon the case of *Gillis* v. *Cobe*, 177 Mass. 584. But we are of opinion that the case cited has no application to the case before us. In that case the plaintiffs had not performed the terms of their contract, and the question was what they were entitled to recover on a *quantum meruit*. In the case before us it has been found that the plaintiffs performed their contract, and they seek to recover on the contract and not on a *quantum meruit*. The contract fixed the price of the labor, and stated the method of arriving at the price to be paid for materials, namely, the cost and ten per cent in addition. These sums the plaintiffs were entitled to receive under the contract. What the value was to the defendant was entirely immaterial.

We do not understand from the brief of the defendant that any other question of law raised at the trial is insisted upon. The principal part of the brief is devoted to arguing questions of fact, which are not before us.

*Exceptions overruled ; appeal dismissed.*