## NATIONAL MACHINE AND TOOL COMPANY *vs.* STANDARD SHOE MACHINERY COMPANY.

Suffolk.    January 28, 29, 1904. — May 20, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Practice, Civil*, Report of assessor, Exceptions, New trial.

A motion to recommit the report of an assessor is addressed to the discretion of the presiding judge and his decision thereon is not the subject of exception or appeal.

If a party to an action desires the findings of an assessor to be reviewed by the Superior Court, he must take specific objections to them and request a report of so much of the evidence as bears upon the points covered by his exceptions. Only in this way can rulings of the Superior Court on questions of law relating to the assessor's report be brought before this court.

In an action of contract after the question of the defendant's liability has been decided against him by this court and the case is ordered to stand for the assessment of damages and is sent by the Superior Court to an assessor, the defendant cannot raise the question of his liability either at the hearing before the assessor or by a request for a ruling of the Superior Court on a motion for a new trial.

CONTRACT by a corporation manufacturing machinery, especially shoe machinery, against a corporation selling shoe machinery, with two counts for work done and for work and materials, and a third count for damages from the defendant's alleged breach of a contract under which the plaintiff agreed to manufacture for the defendant certain parts of a patented machine, called the Bay State Lock Stitch Machine, at prices amounting in all to $12,529.70.   Writ dated May 31, 1900.

The case was before the court at a previous stage as reported in 181 Mass. 275.   In that decision rendered on May 19, 1902,

this court held that on the facts found by the auditor and by the trial judge in the Superior Court the defendant was liable to the plaintiff, and ordered that the case "stand for assessment of damages."

On October 22, 1902, the case was sent by the Superior Court to an assessor "to assess the plaintiff's damages and report his finding thereon" to that court. There were hearings before the assessor, in the course of which objections were taken by the defendant to rulings upon and the admission of evidence, and after argument by counsel the assessor took the case for consideration, and on May 14, 1903, filed in the Superior Court his report without having first submitted any draft of it to counsel or having conferred with them about the form of the report.

After the argument before the assessor and before the filing of his report, the defendant filed certain requests for rulings, but did not request the assessor to report them. The defendant did not request the assessor to report the evidence or any part of it before the assessor filed his report.

On May 14, 1903, the defendant filed a motion to recommit the assessor's report. This motion was heard and denied by *Fessenden*, J.

On October 7, 1903, the defendant filed a motion for a new trial. This motion also was heard by *Fessenden*, J. The defendant contended, and asked the judge to rule, that the plaintiff by continuing to work under the contract after a tender of payment by the defendant waived any breach of contract by the defendant theretofore existing, and was not entitled to recover damages. The judge, after hearing certain evidence and certain testimony given before the assessor on this subject, and, after an inspection of the records in the case in the Superior Court and in the Supreme Judicial Court, declined so to rule, and denied the motion for a new trial.

On October 7, 1903, the plaintiff filed a motion to confirm the assessor's report and that judgment be entered forthwith for the plaintiff. This also was heard by *Fessenden*, J. The defendant contended that in view of the facts set forth in its motion to recommit the assessor's report, and its motion for a new trial, the report as a matter of law should not be confirmed and judgment should not be entered. The judge allowed the plaintiff's motion.

To the action of the judge upon the three motions above stated the defendant alleged exceptions.

The defendant also filed an appeal from the orders of the Superior Court named above, as follows: "1. From the order overruling the motion of the defendant to recommit the assessor's report. 2. From the order denying the defendant's motion for a new trial in said cause. 3. From the order allowing the plaintiff's motion to confirm the assessor's report and ordering judgment forthwith."

*J. T. Pugh*, for the defendant.

*W. N. Buffum*, for the plaintiff.

HAMMOND, J. 1. The motion to recommit the report to the assessor was addressed to the discretion of the judge and his decision thereon is not subject to exception or appeal. If the defendant desired the findings of the assessor to be reviewed by the Superior Court, he should have taken specific objections to them and have requested a report of so much of the evidence as bore upon the points covered by the exceptions. If this had been done, these questions could have been brought to this court. *Carew* v. *Stubbs*, 161 Mass. 294, and cases cited.

2. It does not appear that there was any error in law in overruling the motion for a new trial. The question of liability had been determined already against the defendant (181 Mass. 275) and it was not open to it to raise that question either at the hearing before the assessor or, by a request for a ruling by the court, on a motion for a new trial. *Paddock* v. *Commercial Ins. Co.* 104 Mass. 521.

3. The court had the power to order judgment upon the report of the assessor, and no error in law appears. *Carew* v. *Stubbs*, *ubi supra*, and cases cited.

The result is that the exceptions are overruled and the order for judgment from which the defendant appealed is affirmed.

*So ordered.*