CHARLES H. TRIPP *vs.* EDWARD L. MACOMBER, executor.

Bristol.     October 25, 1904. — November 29, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Auditor's report. *Evidence,* Materiality, Declarations of deceased persons.

Where a rule to an auditor provides that his findings of fact shall be final, a motion to recommit his report is a proper method of raising questions as to the correctness of his rulings upon the admission or exclusion of evidence. If in such a case the trial judge refuses to recommit the report, and it appears that the questions of evidence were of such a nature as to have had an effect upon the auditor's findings, and the judge in refusing to recommit the report has given no reason for his refusal which shows it to have been made as a matter of discretion, this court will assume that the refusal was equivalent to a ruling that there was no error of the auditor in dealing with the questions of evidence, and will pass upon the correctness of that ruling.

In an action, by a son against the executor under his father's will, for wages alleged to have been promised and set aside for him by his father of $25 a month for eleven years and four months, in which the defence was that any services rendered by the plaintiff were not intended by him or by his father to create a pecuniary debt, it appeared, that the father left a widow and as his only son and heir the plaintiff, that the plaintiff was unmarried, that he went to work upon his father's farm with other laborers with the understanding that he was to work for his board, lodging, clothes and tobacco, that he had a little money of his own and from time to time his mother let him have small sums, that his father believing it to be unwise to let him have money declined to pay him any wages, although he paid some of the bills contracted by the plaintiff, and had said at different times that he had money saved up for him. *Held,* that evidence of the following kinds introduced by the defendant against the plaintiff's objection was admitted rightly : 1. Of facts relating to the property and circumstances of the plaintiff's father, including the provisions of his will, tending to show the nature of the contract between the plaintiff and his father. 2. Of the conduct of the plaintiff himself, having a bearing upon the weight of his own testimony. 3. Declarations of the plaintiff's father made in his lifetime to the defendant or to the father's sister, or contained in his will, which were competent under the provisions of R. L. c. 175, § 67.

CONTRACT on an account annexed for $3,400, for wages for eleven years and four months at the rate of $25 a month, which it was alleged that the plaintiff's father, the defendant's testator, promised to pay to the plaintiff and hold to his use subject to his order and call. Writ dated March 3, 1904.

The nature of the defence is stated in the opinion. In the Superior Court the case was referred to Arthur M. Alger, Es-

quire, as auditor, with an agreement of the parties that his findings on facts were to be final, which was made a part of the order of the court appointing him.

The auditor found for the defendant, and the plaintiff filed the following motion : " And now comes the plaintiff in the above entitled cause and moves that the auditor's report in said case be set aside and a new trial granted for the reason that the auditor admitted incompetent and irrelevant testimony at the hearing of said cause, against the plaintiff's objection thereto, which testimony is set forth in the auditor's report."

The case was heard by *Harris*, J., who denied the motion, and found for the defendant. The plaintiff alleged exceptions, raising the questions stated in the opinion.

*F. Wasserman*, for the plaintiff.

*H. B. Worth*, for the defendant, submitted a brief.

BARKER, J. The cause was referred to an auditor whose findings of facts were to be final. If under these circumstances he made an error in the exclusion or admission of evidence the parties might have no means of correcting the error except by motion to recommit because of it, and, if upon the hearing of such a motion there should be a ruling that there was no error, by exception to such ruling. We construe the motion made by the plaintiff after the filing of the auditor's report to have been in effect a motion to recommit because of the auditor's alleged errors as to evidence at the hearing, and as properly bringing here for review the question whether the judge was right in refusing to recommit. At the same time we do not intimate that it necessarily is an error in law for a judge to refuse to recommit to an auditor a report which shows that he has erred in the admission or exclusion of evidence, even when the cause is sent to the auditor under such circumstances as are stated in the present bill of exceptions. When the auditor is appointed under the usual rule, and his report is evidence merely, the question of recommittal is one of discretion and the decision of the court upon it is not open to exception. *Kendall* v. *Weaver*, 1 Allen, 277. *Packard* v. *Reynolds*, 100 Mass. 153. *Butterworth* v. *Western Assur. Co.* 132 Mass. 489, 492. *Carew* v. *Stubbs*, 161 Mass. 294. *Craig* v. *French*, 181 Mass. 282, 284. But when the auditor's finding is to be final on questions of fact it has a different func-

tion, and is to receive other treatment than a report made under the usual rule. See *Daley* v. *Legate*, 169 Mass. 257, 259. Unless it appears from the report itself or from some other evidence that the error was immaterial it would be unjust to affirm the report or to use it as the final means of fixing the facts upon which the rights of the parties are to be adjusted. When such a report comes in, stating the questions of evidence decided by the auditor, and it appears from the report itself that the questions of evidence were of a nature to have had an effect upon his findings, and it further appears from the record that no reason is given for refusing to recommit which shows that the refusal was made as a matter of discretion we are justified in assuming that the refusal was equivalent to a ruling that there was no error in the auditor's dealings with the questions of evidence, and in deciding upon the correctness of that ruling. This course we think consistent with our decisions upon the general subject. See *Kendall* v. *May*, 10 Allen, 59 ; *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320 ; *Briggs* v. *Gilman*, 127 Mass. 530 ; *Eagan* v. *Luby*, 133 Mass. 543 ; *Collins* v. *Wickwire*, 162 Mass. 143. We now make no decision as to the course to be pursued if in case of an auditor's report where his findings of fact are to be final, it appears from the record that the refusal to recommit was made as an act of discretion.

The plaintiff, a son of the defendant's testator, sues to recover the sum of $3,400, which he alleges that his father when he died owed him for wages at the rate of $25 per month for eleven years and four months, which the plaintiff alleges his father promised to pay him and to hold subject to his order and call. In addition to a general denial the answer alleged that if any services were rendered they were not intended by either the plaintiff or his father to create a pecuniary debt. The answer also alleged payment and set up the statute of limitations.

At the auditor's hearing the plaintiff testified, among other things, that his father told him from time to time that he had deposited the plaintiff's wages in the bank and was holding such deposits subject to the plaintiff's order, and that just before his father's death his father told him that he had his wages to the amount of $3,400 deposited in the bank.

The father died on February 7, 1903, testate, leaving a widow,

the plaintiff's mother, and the plaintiff his only son and heir at law. The plaintiff is unmarried, and at the time of the hearing was thirty-eight years of age. The auditor finds that in the year 1891 the plaintiff was working on the farm of an uncle and was discharged for intemperate habits, and then went to his father's farm and remained there until his father's death, doing general work with other laborers; that his father received him with the understanding to which he assented that he was to work for his board, lodging, clothes and tobacco; that he had a little money of his own, and that from time to time his mother let him have small sums. The report states that the father believing it to be unwise to let him have money expressly declined to pay him any wages, and told him that if he was not satisfied with the arrangement he could go elsewhere; also that the evidence showed that the father paid some of the bills which the plaintiff contracted, and that there was some testimony that the father said at different times that he had money saved up for the plaintiff.

The evidence admitted by the auditor against the plaintiff's objection was the testator's will, by which the income of his property went to his widow for life, and upon her death to the plaintiff for life, with remainder to his issue, or in default of such issue to the testator's sister. Also the defendant's testimony as to the items of property left by the testator and their value, particularly as to his bank deposits. Also the defendant's testimony that in the fall of 1903 he was employed by the testator to draw up the will, and that the testator then talked over his affairs with the defendant and said that he wanted to fix matters so that his property would not be squandered by his wife and son; that he said nothing about owing his son wages, or having money belonging to his son deposited for his son's benefit, or subject to his order; that thereupon the defendant drew the will which subsequently was probated; that after the funeral the defendant read the will to the plaintiff and his mother; that, although the mother said that she was dissatisfied because the plaintiff was not given something substantial, neither the plaintiff nor his mother referred to any claim which the plaintiff had against the testator's estate, and that subsequently the defendant saw the plaintiff a number of times and got him

to sign probate papers, and that at these times the plaintiff said nothing about any claim, and never presented one until some time afterwards and then through an attorney. Also testimony of the testator's sister as to declarations made by him to her as to the amount of his bank deposits from time to time.

The evidence objected to is of three classes.

1. Facts relating to the property and circumstances of the testator, all of which were competent upon the question whether the contract between him and the plaintiff was that for which the latter contended or that set up by the defendant.

2. Conduct on the part of the plaintiff himself, which was competent to enable the auditor to weigh the plaintiff's own testimony.

3. Declarations of the testator, made in his lifetime either to the defendant or to the testator's sister, or contained in his will. All these declarations 'clearly were competent under the provisions of R. L. c. 175, § 67. *Brooks* v. *Holden,* 175 Mass. 137. See also *Dixon* v. *New England Railroad,* 179 Mass. 242, 246; *Huebener* v. *Childs,* 180 Mass. 483; *Hayes* v. *Pitts-Kimball Co.* 183 Mass. 262, 264. *Hyde* v. *Gannett,* 175 Mass. 177, holds merely that St. 1896, c. 445, now R. L. c. 175, § 67, does not make private conversations between husband and wife admissible.

*Exceptions overruled.*