MOSES A. T. HART *vs.* WILLIAM H. BRIERLEY.

Bristol.    March 26, 1906. — May 18, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Assessor's report, Exceptions.

If a party to an action which has been sent to an assessor wishes to raise a point of law as to the measure of damages, he must ask the assessor for a ruling and except to its refusal, so that the alleged erroneous ruling may appear in the assessor's report and thus may be reviewed by the presiding judge.

The denial by a judge of a motion to recommit an assessor's report is not the subject of exception.

TORT, against a deputy sheriff, for the alleged conversion of certain biscuits and crackers in cases and barrels attached by the defendant on September 14 and 18, 1903, in the possession of the plaintiff as the property of the Favorite Biscuit Company and alleged by the plaintiff to have been purchased by him from that company. Writ dated October 17, 1903.

At the trial in the Superior Court *Harris*, J. submitted certain questions to the jury and, after receiving their answers, ordered

a general verdict for the plaintiff which was returned by the jury, and the defendant alleged exceptions. The case was sent to an assessor who made a report. The defendant moved to recommit the report to the assessor. This motion was denied by the judge and the defendant appealed.

In a decision reported in 189 Mass. 598, this court overruled the exceptions, and ordered that the order of the Superior Court accepting and confirming the assessor's report be affirmed.

After the handing down of the rescript the plaintiff moved for judgment in the Superior Court. On January 31, 1906, the motion was allowed by *Fox*, J., who ordered that judgment be entered accordingly. The defendant then moved " that, after the entry of judgment in this action, execution may be stayed pending an adjudication as to the amount included in the assessor's findings, which the plaintiff cannot recover in this action, because of the finding by the jury that same were not attached by the defendant under the rule of estoppel referred to in the opinion of the Supreme Judicial Court." The motion was denied by the judge.

The defendant appealed from the order allowing the motion for judgment and from the order denying his motion for a stay of execution after judgment.

The judge under R. L. c. 156, § 19, certified that he considered that the question of law raised by the defendant's appeals from the allowance of the motion for judgment and from the denial of the motion for stay of execution was immaterial and frivolous, and ordered that the case be entered and ready for hearing at the March sitting of the court for the Commonwealth.

*A. S. Phillips*, for the defendant.

*M. Druce*, for the plaintiff.

BRALEY, J. The short answer to this appeal is, that upon the face of the printed record no error appears, as an examination of the assessor's report does not disclose the specific question of law which the defendant attempts to raise. See *Corsiglia* v. *Burnham*, 189 Mass. 347. It is indeed set forth in the motion for a stay of execution, when read in connection with the sixth special finding of the jury, but as the report states that the conversion took place on a subsequent date, it was

encumbent on the defendant to take an exception before the assessor, who passed only on the measure of damages, so that the alleged erroneous ruling could appear in his report. If this had been done, at the proper time a motion to recommit could have been made based on the error now relied on, and which having been called to the attention of the assessor, the question being properly saved could have been reviewed by the Superior Court. It may be further said that on a motion generally to recommit, although no question of law had been saved, the judge in his discretion might order a recommital if satisfied that justice required that the assessor should more fully state the grounds on which damages had been assessed, but a refusal to exercise this discretionary power as well as to grant a stay of execution after judgment cannot be reviewed by this court. *Paddock* v. *Commercial Ins. Co.* 104 Mass. 521. *Carew* v. *Stubbs*, 161 Mass. 294. *Speirs* v. *Union Drop Forge Co.* 180 Mass. 87, 89. *Craig* v. *French*, 181 Mass. 282. *National Machine & Tool Co.* v. *Standard Shoe Machinery Co.* 186 Mass. 44.

If, however, the case is considered outside of the record, and as broadly argued, the point which the defendant seeks again to raise was explicitly presented by a report made by the presiding judge who heard and denied a motion to recommit the assessor's report based on the present, and other objections, although the report of the latter was then omitted from the record. In the former opinion, after a full presentation by counsel for the defendant, this precise question was decided adversely to his contention, and that decision must be deemed final. *Hart* v. *Brierly*, 189 Mass. 598.

After denying the motion a certificate was made directing the earliest possible entry of this appeal for argument because it was determined that it was "immaterial and frivolous," and after due consideration by us, it fully appears to be without merit.

The order denying the motion, therefore, must be affirmed, and under the provisions of R. L. c. 156, § 13, the plaintiff is to be allowed double costs, with interest at the rate of twelve per cent on the amount of the judgment from the date of appeal.

*So ordered.*