## CARLETON HUNNEMAN *vs.* DELIA C. PHELPS.

Norfolk.     March 23, 1908. — May 20, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Practice, Civil,* Auditor's report, Conduct of trial, Exceptions.   *Evidence,* Relevancy
and materiality, Opinion : expert.   *Witness,* Expert.

In an action of contract which has been referred to an auditor who has filed a re-
port, if one of the parties, without having moved to recommit the report to the
auditor, or to have portions of it stricken out, has moved "to discharge the re-
port",on the grounds that the hearings before the auditor were conducted in a
manner unfair to him, and that some of the findings of the auditor were preju-
dicial to him and not germane to the issue referred to the auditor, and the
motion has been denied, and if the report is offered in evidence at the trial of
the case, it is the duty of the presiding judge to admit it.

An appeal from an order denying a motion of one of the parties to an action of
contract "to discharge" a report of an auditor to whom the case had been re-
ferred without any agreement that the auditor's findings of fact should be final,
will not be sustained, where it does not appear that the judge who heard the
motion found that allegations of fact upon which the party making the motion
relied were true, but it does appear that the motion was directed solely to the
discretion of the court.

An auditor, to whom was referred an action of contract for the value of profes-
sional services rendered by the plaintiff, an attorney at law, to his client, the
defendant, stated in his report "I find that it must have been evident some time
before the termination of the relation of attorney and client . . . that from [the
defendant's] . . . inability to speak the truth on any topic, even to her own
counsel, it was difficult to be of material assistance to her." At the trial of the
case before a jury, the plaintiff having introduced the report in evidence, the
defendant called as a witness an attorney at law who had acted as her counsel
for a year after the services of the plaintiff were rendered, who testified as to
the defendant's general reputation for truth and veracity, but the presiding
judge refused to allow him to be asked whether, during his relationship with
the defendant as a client, he had found her to be a truthful woman. The de-
fendant's counsel stated that the question was asked to rebut the quoted portion
of the auditor's report.  *Held,* that the question rightly was excluded, since the
counsel referred to by the auditor was the plaintiff, and not any previous or
subsequent counsel.

An action of contract was referred to an auditor.  The defendant appeared for
herself at the hearings before the auditor.  At the trial before a jury after the
filing of the auditor's report, it appeared that during the hearings before the
auditor the plaintiff had moved that a guardian *ad litem* of the defendant be
appointed.  The plaintiff, in order to rebut a contention of the defendant, which
the defendant's counsel stated that he would make in his argument to the jury,
that the plaintiff in asking for the guardian had acted in bad faith, offered evi-
dence tending to show that, before the plaintiff asked for the guardian, the audi-
tor of his own accord had interviewed the judge and had laid before him the facts

upon which the plaintiff had relied in making his motion, and that the judge had suggested that a motion be made for a guardian, and that "any one in the case could make that." The evidence was admitted and the defendant excepted.. *Held*, that the evidence was admitted rightly, since it was relevant and material to rebut the contention of the defendant.

On objection by the defendant at a trial to a hypothetical question put by the plaintiff to an expert witness, on the ground that the question assumed facts which were not in the evidence, the presiding judge allowed the question to be put, stating to the jury both at the time it was put and afterward in his charge that, if they did not find the facts to be as they were assumed to be in the question, they should disregard the answer. *Held*, that the defendant had no ground for exception.

CONTRACT to recover the value of professional services as an attorney at law alleged to have been rendered to the defendant by the plaintiff from March, 1904, to January, 1905. Writ in the Superior Court for the county of Norfolk dated January 19, 1905.

The case was referred to an auditor " to hear the parties, to examine their vouchers and evidence and to state the accounts of the parties and to make report thereof to the court." The hearings before the auditor began on March 27, 1907, and were closed July 18, 1907. The only witnesses that appeared before the auditor were the plaintiff and the defendant. After the cross-examination of the plaintiff by the defendant personally, without the aid of counsel, the defendant testified in her own behalf. Before her testimony was completed, the auditor interviewed *Fessenden,* J., whose' statement regarding the interview, referred to in the fourth paragraph of the opinion, was as follows: " Before the application for the appointment of a guardian *ad litem* for the defendant . . ., the auditor came to see me and told me he was troubled about the mental condition of Miss Phelps; that she had no counsel; that her conduct before him troubled him as to her mental condition; and that he came as an officer of the court to me and would like suggestions from me as to his duty in the matter. I told him that if she was mentally incompetent no judgment against her would be valid unless a guardian *ad litem* were appointed; that he could make a report to the court concerning the matter or a motion for the appointment of a guardian *ad litem* could be made; that as to the report, I hesitated about that, fearing that it might injure Miss Phelps; that as to the motion for a guardian *ad litem,* any one in the case could make that."

Thereupon, on April 25, 1907, the plaintiff moved for the

appointment of such guardian, and the motion was granted on June 19, 1907, and thereafter the guardian appeared before the auditor on the defendant's behalf, and the cross-examination of the plaintiff was reopened and was gone into fully by the guardian.

The auditor's report was filed on July 25, 1907, and stated the account to be as set out in the declaration. It also contained the following statements : "On . . . [certain dates] . . ., a great deal of time was spent by the plaintiff in conferring with the defendant in regard to [certain] mortgages, and at this time, as at other times, I find that the defendant forced the plaintiff to spend more time on her affairs than was reasonably necessary for their proper prosecution. But this was done in spite of the fact that the plaintiff explained to the defendant what she was doing and urged her to be more economical of his time. . . . I find that in the course of his employment the plaintiff was called upon to pass upon many difficult questions, and that he was continually hampered by the defendant, and that much of the benefit of his services was lost through her wilful disregard of his advice. The only point in this case I found difficult to decide was the one presented by the attitude and conduct of the defendant. I find that it must have been evident some time before the termination of the relation of attorney and client between the plaintiff and defendant that, from the defendant's violent temper, from her disregard of the rights of others, from her continual suspicion, and from her inability to speak the truth on any topic, even to her own counsel, it was difficult to be of material assistance to her; but, on the other hand, the affairs of the defendant were in such confusion, and she was in such need of competent legal advice that I am convinced that the plaintiff was justified in prolonging the relation with the defendant for the period covered by his declaration."

On October 22, 1907, the defendant moved to discharge the auditor's report for the following reasons : (1) because the defense of the defendant was not fully introduced or heard by the auditor, thereby making it inappropriate to allow the report to be offered by the plaintiff as *prima facie* proof of his case; (2) because so much of her defense to the action as was intro-

duced by the defendant was given without direction or examination by any counsel representing her; (3) because there was no cross-examination of the plaintiff by counsel for the defendant except that of the guardian *ad litem*, whose authority to so act was expressly repudiated by the defendant in the auditor's presence, and to whom no assistance was given by the defendant for the purpose of cross-examination of the plaintiff by him; (4) because the statements (quoted above) regarding the defendant are strongly prejudicial and defamatory and are unnecessary and add nothing to the substance of the report; (5) because "all the circumstances of the case and its history to the present time are so unusual and extraordinary that the report and the findings therein contained should not be given the weight accorded to auditors' reports under ordinary circumstances." The motion was denied on November 8, 1907.

On November 13, 1907, the defendant moved that the appointment of the guardian *ad litem* be vacated, and the motion was granted the next day by *Schofield*, J., he finding "that there is no present necessity for the services of a guardian *ad litem*, . . . the defendant agreeing to conduct the case in court by counsel of her own selection."

The case was tried before *Schofield*, J. The defendant objected to the admission in evidence of the auditor's report on the following grounds: (1) because the report raises issues that are outside of the scope of the auditor's rule under which the case was submitted; (2) because the report shows that the case was not fully heard by the auditor; (3) because the report is not such a report as the Revised Laws contemplate shall be regarded as *prima facie* evidence of the matters embraced in the order. The report was admitted and the defendant excepted.

To control and rebut that part of the auditor's report that found that the defendant was incapable of telling the truth on any topic, even to her own counsel, J. J. Feely, Esquire, testified for the defendant that in 1905 and 1906 he had acted as counsel for her for a period of "approximately a little over a year." He was permitted also to testify as to the general reputation of the defendant for truth and veracity, but, upon objection by the plaintiff, the defendant was not allowed by the

presiding judge to ask him whether during his relationship with the defendant as a client he had found her to be a truthful woman, and the defendant excepted.

The plaintiff propounded to witnesses who testified as experts on the value of legal services a hypothetical question to which the defendant objected on the ground that it contained many assumptions which did not appear in the evidence in any way. Upon the plaintiff's counsel stating to the presiding judge that the question was framed on the assumption that there was evidence which would warrant a finding that the facts assumed in the question were true, the presiding judge allowed the question to be put " with the understanding that unless the jury find the assumption of the fact to be sustained by the evidence they may disregard the answer," and at the close of the charge to the jury, the matter being called to the attention of the presiding judge, he repeated that the testimony was admitted subject to that qualification, and that, if the jury should not find that the facts were as they were assumed to be in the questions, then they should disregard the witness's answers.

The portion of the charge which referred to the plaintiff's conduct with regard to a petition for the defendant's removal as executrix of the will of her father was as follows: " In respect to the conversation with Miss Florence L. Phelps, it is proper for the jury to consider the situation at the time as it is shown by the evidence. The effort of the jury should be in passing upon the issues in this case to place before their minds as far as possible the exact situation as it went on from day to day between the plaintiff and the defendant when the services were being rendered. You should try to reproduce those conditions in your mind just as clearly as you can reconstruct them from the evidence which has been introduced." And, at the close of the charge, the presiding judge again stated in emphatic terms that the question of the plaintiff's fidelity was for them to determine. Other facts are stated in the opinion.

There was a verdict for the plaintiff and the defendant alleged exceptions.

*M. H. Browne,* (*J. M. Browne* with him,) for the defendant.
*E. B. Adams,* for the plaintiff.

SHELDON, J. The court rightly admitted the auditor's re-

port in evidence. A motion to discharge the report had been denied by the court; and the defendant never asked to have the report recommitted, and expressly declined to ask that any part of it be stricken out. If there were any such errors in the report as were claimed by the defendant, which does not appear, the defendant's remedy was by moving to recommit the report or to have any erroneous or injurious portion stricken out. R. L. c. 165, § 58. *Briggs* v. *Gilman*, 127 Mass. 530, 531. *Collins* v. *Wickwire*, 162 Mass. 143. *Sullivan* v. *Arcand*, 165 Mass. 364, 367. Under the circumstances appearing at the trial, it was the duty of the court to admit the report in evidence. R. L. c. 165, § 55.

And the previous order of the judge refusing to discharge the auditor's report must be affirmed. It does not appear that the judge found any of the alleged facts stated in the reasons assigned in the defendant's motion to be true. So far as any of them may have existed, they were addressed solely to the discretion of the court. *Craig* v. *French*, 181 Mass. 282. *Tripp* v. *Macomber*, 187 Mass. 109, 110. *Allwright* v. *Skillings*, 188 Mass. 538. *Hart* v. *Brierley*, 192 Mass. 147. There was here no agreement that the auditor's findings of fact should be final, and the rule of *Pettey* v. *Benoit*, 193 Mass. 233, is not applicable.

The exclusion of the question put to Mr. Feely was proper. Even if the defendant's reputation for truth and veracity had been put in issue, this question would not have been competent. *Commonwealth* v. *Kennon*, 130 Mass. 39. The argument that the question should have been admitted to contradict the finding of the auditor as to "her inability to speak the truth on any topic even to her own counsel," rests upon a misconception of the report. The auditor was speaking of the difficulties thrown in the plaintiff's way while acting as counsel for the defendant by reason of her untruthfulness to him, among other causes; and when he mentioned her counsel he manifestly referred to the plaintiff, who at the time spoken of had been the defendant's counsel. Testimony that she had told the truth to Mr. Feely could have of course no bearing upon the question whether she had been unable to tell the truth to her former counsel.

The statement which it was agreed would have been made by Mr. Justice Fessenden was rightly admitted to meet the argu-

ment against the plaintiff's good faith in asking for the appointment of a guardian *ad litem* which was not only foreshadowed but avowed by counsel for the defendant.

The hypothetical question put to the plaintiff's experts was properly admitted with the restriction put upon it by the judge. *Anderson* v. *Albertstamm*, 176 Mass. 87. *Commonwealth* v. *Tucker*, 189 Mass. 457, 477. If the defendant's counsel desired to stand upon the distinction between the word " may " as used by the judge, and the word " must," he should have called this explicitly to the judge's attention. And for the same reason the defendant's exception to the ruling made in the charge to the jury as to this hypothetical question must be overruled.

We do not find any error in the instructions given to the jury. The duty of the plaintiff to the defendant as his client was clearly and fully stated. Whether it was or was not against the interest of the defendant that her sister should join in the petition for the defendant's removal from her position as the executrix of her father's will does not appear from anything in the bill of exceptions. It may have been for the defendant's advantage to have the objections of all parties considered and decided in one petition. This whole matter was fairly left to the jury.

The exception to the instruction that it must be assumed that the auditor, as an officer of the court acting in a judicial capacity, had acted in a proper manner, has not been argued; and we treat it as waived. We cannot doubt the correctness of the ruling.

It is not necessary to consider separately those exceptions to the charge which are not disposed of by what has been said. The subject matter of all of them was properly left to the jury, with full and explicit instructions. We have carefully considered all the suggestions made by counsel, and find no error in the way that the case was submitted to the jury. The order denying the defendant's motion to discharge the auditor's report must be affirmed, and the exceptions must be overruled.

*So ordered.*