WILLIAM T. FORBES, Judge of Probate, vs. FRANK P.
ALLEN & another.

Worcester.    September 27, 1921. — February 28, 1922.

Present: RUGG, C. J., DE COURCY, CARROLL, & JENNEY, JJ.

*Practice, Civil,* Assessor, Exceptions, Motion to dismiss, Waiver.  *Guardian,*
Compromise of claim, Bond, Account.  *Evidence,* Relevancy and materiality.
*Pleading, Civil,* Answer.

In an action of contract against a surety upon the probate bond of a guardian, the
parties agreed that judgment might be entered for the plaintiff for the penal
sum of the bond and the action was referred to an assessor for assessment of
damages.  Certain findings and rulings stated in the assessor's report were
made against the objection of the defendant, but no formal objections or ex-
ceptions in writing were filed; a stipulation signed by the attorneys for the
parties then was filed, that "the court shall consider and pass upon" certain
described rulings of the assessor stated in his report, and that "all other rulings
and findings of the assessor are final and conclusive."  Subject to exceptions
by the defendant and without specific rulings upon the matters described in the
stipulation, a judge of the Superior Court ordered that the report be confirmed,
that judgment be entered for the penal sum of the bond and that execution
issue in the amount found by the assessor.  In dealing with the defendant's
exceptions, this court *assumed* in favor of the defendant, but without so de-
ciding, that the questions of law which had been argued by him were presented
properly, and considered the case upon its merits.
The assessor, in the action above described, found that the guardian, without
first obtaining the approval of the Probate Court, had received $1,415 in dis-
charge of a note, which was of the face value of $1,615, was secured by a mort-
gage, was payable $100 and interest every six months, and upon which all
instalments of principal and interest due had been paid to the time of the dis-
charge.  At that time there were outstanding bills due from the ward and money
was needed by the guardian for other purposes.  It did not appear that the
note was not worth its face value in cash or that it could not have been collected
in full.  The assessor, without a report of the evidence, found against the de-
fendant.  *Held,* that the act of the guardian was maladministration of the
estate, and that no error in the finding of the assessor was shown.
A decree of the Probate Court disallowing a credit claimed by a guardian in his
final account is conclusive in an action against the surety upon the guardian's
bond after the guardian had refused to satisfy the decree by the payment of
the amount therein found to be due from the guardian.
At the hearing of the action above described by the assessor, it was proper to ex-
clude evidence to the effect that counsel for the defendant took up the matter
of discounting the note with one of the judges of probate, who said he saw no
reason why the guardian could not make the discount.

In the action above described, the answer was merely a general denial. At the hearing before the assessor, it appeared that the guardian had been removed from his office, and the defendant offered evidence tending to show that in December about eleven months later he, the surety upon the guardian's bond, offered to the former ward, who appeared at that time not to have been under guardianship, $125 in full settlement of the surety's liability on the bond, provided the ward would wait until after the holidays, that this offer was accepted by the ward, and that the $125 later was offered by the surety and was refused by the ward. The evidence was excluded. *Held,* that the exclusion was proper, both because the agreement of settlement was without consideration and was unenforceable, and because such a defence was not open on the answer.

A motion to dismiss an action upon a probate bond because of a lack of an indorser upon the writ required by R. L. c. 149, § 26, filed nearly two years after the entry of the action and the filing of an answer of general denial, properly is denied, the defendant's rights under the statute having been waived by his failure seasonably to assert them.

CONTRACT against the sureties upon a probate bond given by one George H. Roy as guardian of Alphonse Deschenes, a spendthrift. Writ dated May 14, 1918.

The defendant's answer, filed on June 6, 1918, was a general denial. It was agreed by the parties that judgment be entered for the plaintiff in the penal sum named in the bond, $2,000, and that the action be referred to an assessor for the assessment of damages. The action was so referred on November 6, 1920.

On March 25, 1920, the defendant Allen filed a motion to amend his answer by setting up the alleged agreement, described in the opinion, between the guardian and the ward that $125 should be received by the ward in full satisfaction of his claim against the guardian. The motion was denied "without prejudice" on April 6, 1920.

On April 15, 1920, the defendant Allen filed a motion to dismiss the action on the grounds that the writ bore no indorsement as required by R. L. c. 149, § 26, and that the person for whose benefit the action was brought had assigned his claim and that no such assignment appeared in the record. The motion was denied by *Bishop,* J., on July 2, 1920; and the defendant Allen appealed.

On July 21, 1920, the assessor filed his report. Material facts found and rulings upon evidence made by the assessor are described in the opinion. While the defendant Allen objected to certain findings and rulings by the assessor, no formal objections or exceptions in writing were filed.

On November 1, 1920, a stipulation signed by the attorneys of the parties was filed, providing "(1) that the court shall consider and pass upon the ruling of the assessor . . . that as a matter of law Roy, guardian, had no legal right from the facts as found by the assessor to make a compromise with Boucher Brothers by which he discounted $200 on the note and mortgage in question; (2) that the court shall consider and pass upon the ruling of the assessor . . . that the evidence which the defendant offered to the effect that their counsel took up the matter of discounting the Bouchers' note and mortgage with one of the probate judges was not admissible; (3) that the court shall consider and pass upon the ruling of the assessor . . . that the facts found relative to the sum of $125 being tendered in settlement did not constitute a defence; (4) that all other rulings and findings of the assessor are final and conclusive; and (5) that the defendant does not waive his motion to dismiss the writ for want of endorsement."

The action then was heard by *Hall*, J. On November 10, 1920, he ordered the assessor's report confirmed, found for the plaintiff, ordered "judgment in the penal sum of the bond" and ordered "execution to issue for the sum of $657.47 as damages due and payable in equity and good conscience." The defendant Allen alleged exceptions.

On March 29, 1921, the bill of exceptions of the defendant Allen was allowed.

The case was submitted on briefs.

*M. L. Lizotte & S. M. Salny*, for the defendant Allen. .

*R. W. Robbins*, for the plaintiff.

RUGG, C. J.  This is an action upon a bond given by a guardian to the judge of probate. Judgment was entered for the plaintiff for the penal sum of the bond. The case was then referred to an assessor "to hear the parties and their evidence, assess the damages and report his findings." Several questions of law are presented in the report.

An assessor is not a species of auditor but a different kind of officer. *Speirs* v. *Union Drop Forge Co.* 180 Mass. 87, 89. Certain questions of law are stated in the report as having been raised before the assessor. *Carew* v. *Stubbs*, 161 Mass. 294, and cases there cited. *McKim* v. *Titus*, 182 Mass. 393. *National Machine & Tool Co.* v. *Standard Shoe Machinery Co.* 186 Mass.

44. *Hart* v. *Brierley*, 192 Mass. 147. It is assumed in favor of the defendants, but without so deciding, that the questions of law which have been argued by them are properly presented and the case is considered on its merits.

The guardian for his ward had a note dated May 7, 1912, secured by mortgage, payable, $100 and interest every six months. All instalments and interest had been paid up to October 1, 1913, when the guardian accepted a proposition by the mortgagors to pay the note in full on discount of $200, receiving $1,415 instead of $1,615, the amount due on its face. When this offer was made, there were outstanding bills due from the ward, and money was needed also for other purposes. No approval of this settlement was obtained from the Probate Court.

The record is bare of any facts which justified the guardian in not collecting the amount of the note and interest. There is nothing to indicate that the note was not worth its face in cash or that it could not have been collected in full. Therefore, the guardian could not rightly cause the estate of his ward the loss of the $200 made by way of discount. It was to that extent a maladministration of the estate, for which the guardian and the surety on his bond are liable personally on the bond. If the guardian compromised the note for less than its face without the authority of the Probate Court previously obtained, he took his chances of being able to satisfy the appropriate tribunal afterwards that he exercised sound judgment in so doing. *Blake* v. *Ward*, 137 Mass. 94. *Thayer* v. *Kinsey*, 162 Mass. 232. *Gardiner* v. *Thorndike*, 183 Mass. 81. The assessor has found against him and there is nothing to show that there was error in this conclusion, no evidence being reported.

This point has been considered and decided as presented by the parties. However, the decree of the Probate Court in disallowing this discount in the final account of the guardian was conclusive upon the guardian and the sureties. The sureties are liable on the bond for any default of the guardian in settling "his account in the Probate Court" and in paying over to the person or persons lawfully entitled thereto all the property "due from him on such settlement," that is to say, on the settlement of his account in the Probate Court. R. L. c. 149, § 1, ¶ 6, cl. 4. G. L. c. 205, § 1, ¶ 6, cl. 4. The accounts of the guardian must

be settled finally in the Probate Court. *McIntire* v. *Ensign,* 232 Mass. 83, 85. The sureties upon the guardian's bond cannot try over again an item there adjudicated but must accept it as the basis of their liability, although they may show reduction or extinguishment of that liability by transactions outside the scope of the accounting. *Harmon* v. *Weston,* 215 Mass. 242. See *Fidelity & Casualty Co.* v. *Withington,* 229 Mass. 537, and *Withington* v. *Fidelity & Casualty Co.* 237 Mass. 73.

Evidence to the effect that counsel for the defendants took up the matter of discounting the note with one of the judges of probate, who said he saw no reason why the guardian could not make the discount, was excluded rightly. Taken at its face this was not an approval of the discount. But nothing short of a formal decree of the judge after notice to interested parties could have protected the guardian against attack upon his account disclosing the discount. R. L. c. 145, § 25. G. L. c. 201, § 37. R. L. c. 148, § 13. G. L. c. 204, § 13.

The guardian was removed in January, 1917. There was a proffer to show that in the following December the surety offered to the former ward, who appears at that time not to have been under guardianship, $125 in full settlement of the surety's liability on the bond, provided the ward would wait until after the holidays, and that this offer was accepted by the ward; that this sum later was offered by the surety and was refused by the ward. This evidence was excluded rightly. Manifestly it constituted no defence to an action on the bond. This was merely an executory agreement without consideration, not binding upon the ward, not enforceable against him nor susceptible of being set up in bar of an action on the bond. *Clifton* v. *Litchfield,* 106 Mass. 34, 40. *Herrmann* v. *Orcutt,* 152 Mass. 405. At most it was an accord without satisfaction and hence no defence. *White* v. *Beverley Building Association,* 221 Mass. 15. *Prest* v. *Cole,* 183 Mass. 283. Moreover, it was not set up in the answer, which was only a general denial. It could not have been shown as a defence at the trial before the assessor. *Mark* v. *Stuart-Howland Co.* 226 Mass. 35, 42, and cases there collected. The motion to amend the answer after judgment was denied.

Nearly two years after the entry of this action in court, after answer filed and reference to the assessor, the defendants filed

a motion to dismiss the action for want of an indorser for costs , as required by R. L. c. 149, § 26. Whatever rights the defendants may have had under that statute, if any, had been waived by failure seasonably to assert them. *Keown* v. *Hughes*, 233 Mass. 1, 4, and cases collected.

*Motion to dismiss denied.*
*Exceptions overruled.*