DANIEL L. BARRY & another *vs*. ISAAC F. WOODBURY.

Suffolk.    November 17, 1911. — January 3, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Pleading, Civil*, Variance.

The remark at the end of the opinion of this court in *Barry* v. *Woodbury*, 205 Mass. 592, 598, that "the case of which there was evidence . . . was substantially within the 'four quarters' of the fourth count" of the declaration, "although there imperfectly stated," was not a decision nor an intimation that the case shown by the evidence was not also stated in substance in the second count, and, after a new trial, it here was decided that as against the defendant the variations between the second and the fourth counts and between those counts and the findings which were warranted by the evidence were immaterial.

CONTRACT OR TORT with a declaration, as amended, in four counts.    Writ dated March 21, 1906.

In the Superior Court the case first was tried before *Bond*, J., who ruled that on all the evidence the plaintiffs could not recover and ordered a verdict for the defendant.    Exceptions alleged by the plaintiffs were sustained by this court in a decision reported in 205 Mass. 592.

There was a new trial before *Sanderson*, J.    At the close of the evidence the plaintiffs waived the first and the third counts of the declaration and went to the jury on the second and fourth counts.    Those counts were as follows:

"Second Count: And the plaintiff says that on or about October 23, 1902, he and the defendant entered into a contract by the terms of which the defendant agreed that if the plaintiff would let certain property of the plaintiff, to wit: one engine, one boiler, one large scales and one piece of smoke-stack remain in the Watertown Rubber Factory so called and be sold by the defendant with said factory that the defendant would within a reasonable time after such sale pay the plaintiff a reasonable sum for said property of the plaintiff; that the plaintiff in accordance with said agreement permitted said property of his to remain in said factory and to be sold by the defendant with said factory; and although the defendant has sold said factory with the said property of the plaintiff and although a reasonable time has elapsed since said sale, and although due demand has been made

on the defendant, the latter refuses and neglects to pay the plaintiff a reasonable sum for the aforesaid property of the plaintiff sold as aforesaid by the defendant."

" Count 4. In contract. The plaintiffs say that on or about October 23, 1902, they bought of the defendant the right to detach and carry away as their own personal property certain fixtures attached to real estate in Watertown aforesaid, a schedule of which is attached thereto marked ' A. And the defendant after said purchase requested the plaintiffs not at once to detach or remove said fixtures, but to leave them upon the premises for the time being or until he had an opportunity to sell said real estate and promised the plaintiffs that if they complied with said request he would pay them a fair and reasonable price for said fixtures. And the plaintiffs thereupon did comply with said request and left said fixtures attached to said real estate. And the defendant thereafterwards permitted said real estate including said fixtures to be sold for unpaid taxes, neglected to exercise his right of redemption from said sale, but on the contrary released and conveyed to the holder of said tax title his right of redemption, whereby the purchaser of said tax title, one H. C. Grant, became the owner of said fixtures. Wherefore the plaintiffs say the defendant owes them an amount equal to the fair value of said fixtures."

The schedule, referred to as attached to the fourth count, contained four items, as follows: " 75 H. P. Fitchburg Engine," " Fitchburg Boiler 60 H. P.," " Large Scales " and " Piece of Smoke Stack."

The first, fourth and sixth of the defendant's first series of rulings requested, referred to in the opinion, were as follows:

" 1. Under the decision of the Supreme Court in this case, 205 Mass. 592, the fourth count is the only count upon which the plaintiff is entitled to go to the jury."

" 4. Upon all the evidence the plaintiff is not entitled to recover on the second count."

" 6. Upon all the evidence the plaintiff is not entitled to recover on the fourth court."

The judge refused to make any of these rulings.

The sixth of the defendant's second series of rulings requested, referred to in the opinion, was as follows:

"6. The plaintiff cannot recover unless the jury find

"1st. That either or both the Erie boiler and Fitchburg engine were included in the sale of October 23, 1902; and

"2nd. That from the time of the sale in October, 1902, was not an unreasonable time in which to remove same; and

"3rd. That the defendant promised in October, 1903, that if the plaintiff would not remove them that he would pay a reasonable price therefor when he sold the real estate; and

"4th. That the quitclaim deed by the defendant to Grant was a sale of the real estate within the meaning of that promise."

The manner in which this ruling was made by the judge is described in the opinion.

The jury returned a verdict for the plaintiffs in the sum of $897.75; and the defendant alleged exceptions.

*V. J. Loring,* (*J. H. McDonough* with him,) for the defendant.

*J. E. Hannigan,* for the plaintiffs.

SHELDON, J.   The defendant's first contention is that under the decision of this case reported in 205 Mass. 592, the plaintiffs could go to the jury only on the fourth count of their declaration.   This contention is based upon the last sentence of the opinion then rendered, that "the case of which there was evidence . . . was substantially within the 'four quarters' of the fourth count, although there imperfectly stated."   But there was neither decision nor intimation that the case made out was not also within the "four quarters" of the second count, although there perhaps a little more imperfectly stated.   In our opinion, as against the defendant who had taken upon himself to sell this machinery and who had himself no right to prevent the plaintiffs from severing and removing it, the variations between the second and fourth counts, or between those counts and the findings which were justified upon the evidence, were not material. Under the former decision the plaintiffs were entitled to go to the jury on both counts.   *Barry* v. *Woodbury, ubi supra.   Butterworth* v. *Western Assurance Co.* 132 Mass. 489.   It follows that the first, fourth and sixth of what may be called the defendant's first series of requests were properly refused.

The sixth request of his second series appears to have been given, with appropriate explanations.   The judge did not rule as matter of law that the defendant's quitclaim deed to Grant

was a sale of the real estate, as the defendant seems to have understood. He stated and gave the fourth clause of the sixth request immediately following the statement of the third clause thereof. This was made plain when the judge immediately added, by way of a summary, that " to entitle the plaintiff to a verdict the jury must find " the other requisites claimed by the defendant " and that the quitclaim deed of the defendant to Grant was a sale of the real estate within the meaning of " the defendant's promise. The other instructions upon this subject were unexceptionable. The seventh, eighth and ninth requests were given. They are included in what has been said of the 'sixth request.

We have examined all the exceptions that were saved at the trial, and find no material error.

*Exceptions overruled.*