FIDELITY AND CASUALTY COMPANY *vs.* MARY M. WITHINGTON, trustee.

SAME *vs.* SAME.

Norfolk.   February 4, 1918. — February 28, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Probate Court,* Late entry of appeal, Power to vacate decree.

Under R. L. c. 162, § 13, which provides that, "If a person who is aggrieved omits, without default on his part, to claim or prosecute his appeal and it appears that justice requires a revision of the case, the supreme court of probate . . . may, upon his petition and upon terms, allow an appeal to be entered and prosecuted," if a party to a proceeding in the Probate Court at the close of a hearing before the judge of that court asks to be notified in case of an adverse decision and is assured that he will receive such a notice, and thereafter a decree is entered against him of which he is given no notice, it is plain that his failure to enter an appeal from such decree within the required time is not a culpable omission or default.

Where by a decree of the Probate Court a surety on the bond of a trustee is discharged and a new bond is accepted with a new surety or sureties in a less

sum, and where more than sixteen years later the same court, upon petition, makes a decree vacating its former decree on the ground that the decree discharging the surety was obtained by false and misleading accounts of the trustee, which had been allowed by the Probate Court, and by untrue and misleading statements of the surety that most of the principal of the trust estate had been distributed according to the provisions of the will creating the trust, the surety, if he has failed without default to appeal seasonably from such vacating decree, should be granted leave under R. L. c. 162, § 13, to enter and prosecute an appeal from such decree, contesting the allegation that the accounts of the trustee were false and intended to deceive the court and the allegation that his own petition for discharge as surety was false and did deceive the court.

Two PETITIONS filed in the Supreme Judicial Court on March 26, 1917, under R. L. c. 162, § 13, to be allowed to enter and prosecute appeals from a decree of the Probate Court for the county of Norfolk dated February 7, 1917, vacating a decree made by that Probate Court on April 6, 1900, which discharged the petitioner as the surety on the bond of William H. Drury of Waltham as trustee under the will of Francis Rupp.

The petitions were heard by *Crosby*, J., who upon each of the petitions made a memorandum of decision containing the following statements:

"My decision allowing the petition is based upon the evidence and statements of counsel for the petitioner recited in the transcript and other statements of counsel for the petitioner made in open court and not contradicted, and particularly upon the statement of the counsel for the petitioner that after the hearing before the judge of the Probate Court had been concluded, the counsel for this petitioner stated to the judge that if a decision adverse to him was to be made he desired to be notified of such decision as he would in that event appeal from the decision so made.

"I found that the counsel for the petitioner never received any notice of the decision of the Probate Court, and I am not satisfied that any notice thereof was ever sent to the petitioner's counsel; although I have no doubt that the register of probate honestly believes that such notice was sent by him.

"I was of opinion, and so found, that the petitioner intended to claim and enter an appeal from the decree ordered in the Probate Court, and that its failure to do so was without default on its part, and that justice required that the appeals be entered, that the cases may be heard in this court."

The single justice upon each petition made a final decree that the petition be allowed; and from these decrees the respondent appealed.

R. L. c. 162, § 13, is as follows: "If a person who is aggrieved omits, without default on his part, to claim or prosecute his appeal and it appears that justice requires a revision of the case, the supreme court of probate or the Superior Court, in cases in which appeals may be taken thereto, may, upon his petition and upon terms, allow an appeal to be entered and prosecuted. . . ."

C. Brewer, for the respondent.

E. C. Stone, for the petitioner.

PIERCE, J.   These are appeals by the respondent from two decrees of a single justice of this court allowing the petitioner to enter late and to prosecute two separate appeals, taken by the petitioner from two separate decrees entered by the judge of the Probate Court for Norfolk County.  The only question presented is, whether upon the reported facts substantial reasons require a reversal of the findings of the single justice "that the petitioner intended to claim and enter an appeal from the decree ordered in the Probate Court, and that its failure to do so was without default on its part, and that justice required that the appeals be entered, that the cases may be heard in this court."

We are of opinion the material and substantial facts of the record, however informally presented, fully support the findings. The petitioner, at the close of the hearing before the judge of the Probate Court, requested to be notified of an adverse decision and was assured it would receive such a notice.  The notice was not given.  It is plain the petitioner should not be held bound to have anticipated the possible non-action of the court and equally plain that its failure so to do was not a culpable omission or default.

Upon the question whether substantial justice requires a revision of the case, Linehan v. Linehan, 223 Mass. 297, 298, the record shows that on April 6, 1900, the Fidelity and Casualty Company filed a petition under R. L. c. 149, § 15, in the Probate Court, to be discharged as surety on the bond of one William H. Drury; that the petition purported to be signed by all persons interested; that the court discharged the surety and accepted a new bond with new surety or sureties in a less sum; that before the filing of the petition, Drury had filed and had allowed his

first, second, third, fourth, fifth and sixth accounts as trustee, purporting to represent the property received by him as trustee, together with disbursements made by him as trustee; that this decree is in force and unvacated; that December 4, 1916, the respondent filed a petition in the Probate Court to vacate the decree of April 6, 1900, discharging the Fidelity and Casualty Company as surety on the bond of Drury, for the reasons, in substance, that the fifth and sixth accounts of Drury were false and misleading, that the statements in the petition of the surety company "that 'most of the principal of the estate according to the provisions of said will' had been distributed," were untrue, misleading and tended to deceive the court; that the court was misled and deceived by these false accounts of Drury and by the false statements contained in the petition of the surety company; and that the court, relying upon the truth and accuracy of the accounts and upon the truth and accuracy of the allegations in the petition, discharged the surety on the bond.

It is manifest that the authority of the Probate Court to vacate its decree, final in its form, after sixteen years, rests upon clear proof that the decree was procured by accident or mistake or by fraud practised on the court. *Waters* v. *Stickney*, 12 Allen, 1. *Tucker* v. *Fisk*, 154 Mass. 574. *Crocker* v. *Crocker*, 198 Mass. 401, 404.

It is plain that the surety company should have the right to contest the allegation that the fifth and sixth accounts were false and drawn for the purpose of deceiving the court, as also the charge that the statements contained in its petition were false and tended to and did deceive the court.

*Decree affirmed.*