MARY M. WITHINGTON, trustee, *vs.* FIDELITY AND CASUALTY COMPANY.

MARY M. WITHINGTON & another *vs.* WILLIAM H. DRURY.

Norfolk. November 8, 1920. — January 7, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, & PIERCE, JJ.

*Probate Court*, Vacation of decree. *Trust*, Fraud of trustee.

Where, upon an appeal from a decree of the Probate Court vacating a previous decree of the same court allowing certain accounts of a trustee under a will and reopening the accounts, it appears that no final account has been allowed and that on the settlement of the accounts interests of certain persons unascertained or not in being were not represented by a guardian *ad litem* under R. L. c. 150, § 22, and there is evidence warranting findings that the trustee in the accounts intentionally had misrepresented the condition of the trust and had failed to account for certain funds which he should have been holding subject to the provisions of the trust, a decree affirming the decree of the Probate Court is warranted.

After the allowance of the accounts of the trustee, as above described, the trustee in his own handwriting drew up a petition by a corporation, which was a surety upon his probate bond as trustee for $100,000, for its discharge from all further responsibility as surety and the petition was signed by the corporation, assented to by the trustee, who falsely represented that he was "all the persons interested in the foregoing petition," and was allowed. Thereafter the trustee filed a new bond for $8,000 with only his two sisters as sureties, falsely representing that the trust estate included no real estate and that the personal estate did not exceed $5,000 in value. Sixteen years later the trustee was removed as trustee and a successor was appointed, upon whose petition the decree discharging the surety company was vacated by the Probate Court and, upon appeal, the de-

cree was affirmed by a single justice of the Supreme Judicial Court. *Held*, that the decree was warranted.

The trustee above described was appointed without further definition or designation under a will containing among other clauses a sixth and an eighth clause which created trusts, and his inventory and accounts disclosed and accounted for, as property subject to his trust, property which was subject to both the trusts. *Held*, that the surety company could not be heard to contend that its principal was trustee only under the eighth clause of the will.

PETITION, filed in the Probate Court for the county of Norfolk on December 14, 1916, by the trustee under the will of Frances Rupp, praying that a decree of that court discharging the Fidelity and Casualty Company of New York as surety on the bond of William H. Drury, the predecessor of the petitioner as trustee, be vacated; also a

PETITION, filed in the same court on February 4, 1919, by Mary M. Withington and Elizabeth R. Withington, alleging that they were interested in the estate of Frances Rupp as remaindermen under the sixth and eighth clauses of the will, and praying that a decree of that court allowing the first, second, third, fourth, fifth and sixth accounts of William H. Drury as trustee be vacated and that the accounts be reopened.

Both petitions were heard in the Probate Court by *Flint*, J.; the first was heard and was allowed on February 7, 1917, and the surety company appealed; the second was heard and allowed on April 18, 1919, and William H. Drury appealed.

In the Supreme Judicial Court, the petitions and appeals were consolidated and were heard by *Braley*, J., a commissioner being appointed under Equity Rule 35 to take the testimony. Material evidence is described in the opinion. By order of the single justice, decrees were entered confirming the decrees of the Probate Court; and the surety company and William H. Drury appealed.

*E. C. Stone*, for the respondents.

*T. W. Proctor*, (*E. B. Pratt* with him,) for the petitioners.

DE COURCY, J. The will of Frances Rupp was duly allowed by the Probate Court for the county of Norfolk in April, 1867. By its sixth clause one undivided eighth part of the residue of the personal estate was bequeathed to a trustee for the benefit of Frances Josephine Young (granddaughter of the testatrix), during her life, with remainder over, in default of issue, to her brother John R. Withington or his issue. The eighth clause created a

trust, which was to include all her real estate, for the benefit mainly of specified children and grandchildren, among them being said Frances Josephine Young. It was therein provided that in the event of a sale of the real estate, the one eighth share of the proceeds coming to Mrs. Young should be "received and managed as a part of the trust fund herein created for the use of my granddaughter Frances Josephine Young, and at her decease to be distributed in the same manner as is hereinbefore provided for the distribution of said fund."

In May, 1887, the respondent Drury petitioned to be appointed trustee under the will, to succeed David C. M. Rupp, then deceased. The appointment duly followed, and he gave bond in the sum of $100,000, with the respondent Fidelity and Casualty Company as surety. Three parcels of real estate, of the value of $120,666.66 were included in his inventory. In 1891, as trustee under the will, he conveyed the most valuable parcel to one Young, took back a deed to himself individually, and executed an instrument creating the "Rupp Trust." The trust instrument recited, "Said William H. Drury for the trust existing in favor of Frances J. Young of said Newton under the sixth clause of said will, subscribes or contributes to said capital twenty-three thousand dollars which is the nominal value of his present share or interest in this trust in his representative capacity for that trust." In his fourth account as trustee under the will, sworn to in 1891, Drury charged himself with the proceeds of this first sale, fixing the amount paid "to trust for Frances J. Young" at $21,-966.54. In his first separate account as trustee for the benefit of Mrs. Young, under clause six of the will, also sworn to in January, 1891, he charged himself with $27,172.43 as the total trust fund held for her, including said $21,966.54. Subsequently the remainder of the real estate was sold and the proceeds included in this Rupp Trust. In the fourth separate account, apparently sworn to February 23, 1894, the total amount of the estate held for Mrs. Young appears as $35,222.05.

Previous to April 4, 1900, no account of Drury as trustee for the benefit of Mrs. Young had been allowed. On that day the Probate Court allowed his first, second, third, fourth, fifth and sixth separate accounts, as trustee under the will of Frances Rupp, "for the benefit of Frances J. Young, during her life, under clause

six of said will." In the fifth separate account he charged off the "real estate," amounting to $30,016.16, and showed a balance of principal in personal property of $5,205.89. In the sixth separate account, the principal had shrunk to $4,387.50, and no share appeared of principal in the Rupp Trust. Two days later, on April 6, 1900, Drury drew up in his own handwriting a petition by the respondent company praying that it might be discharged from all further responsibility as surety, setting up as a reason that the "trustee has distributed most of the principal of the estate according to the provisions of said will." The company signed the petition by its attorney. It was assented to by "Wm. H. Drury, Trustee," who represented that he was "all the persons interested in the foregoing petition," and requested that "the prayer thereof be granted without further notice." On June 20, 1900, a decree was entered discharging the surety. Drury filed a new bond for $8,000, with his two sisters as sureties, representing that there was no real estate and that the personal estate did not exceed $5,000 in value.

The respondent Drury continued to act as trustee under the will of Frances Rupp until May 26, 1916, when he was removed for cause; and the petitioner was duly appointed in his stead. On her petition the Probate Court on February 7, 1917, vacated the said decree discharging the respondent company as surety on the bond of William H. Drury, trustee. A late entry of its appeal therefrom was allowed by this court. *Fidelity & Casualty Co.* v. *Withington*, 229 Mass. 537. On April 8, 1919, the Probate Court vacated the decrees allowing the first, second, third, fourth, fifth and sixth separate accounts of Drury, trustee. Both respondents appealed to this court; and a single justice, after hearing, affirmed the said decrees of the Probate Court, of February 7, 1917, and April 8, 1919. The cases are here on appeals from his decision.

1. As to reopening the accounts of the trustee. It is to be noted that his final account has not yet been passed upon by the Probate Court. On the settlement of said six accounts no guardian *ad litem* was appointed under R. L. c. 150, § 22; and on the settlement of the final account the earlier ones may be opened under § 17, so as to correct a mistake or error therein. It is not claimed that the assent of Mrs. Young to the allowance of said

accounts exonerates the trustee if the accounts were false; especially as she was a woman without business knowledge or experience, of advanced years, and naturally confiding in the trustee who was attorney for her family. *Brigham* v. *Morgan,* 185 Mass. 27, 39. The Probate Court plainly had power to revoke the decrees in question if its approval was induced by fraud practised upon the court. *Child* v. *Clark,* 231 Mass. 3, and cases cited. The record discloses facts, some of them already referred to, which indicate such fraudulent conduct by the trustee. In 1891, he began to dispose of the real estate, conveying it, through a conduit, to himself as trustee under a deed of trust, and thus removing it from the supervision of the Probate Court. See, in this connection, *Conant* v. *St. John,* 233 Mass. 547. When the real estate was sold he charged himself as trustee for the benefit of Mrs. Young under clause six of the will with her share of the proceeds, as late as his fourth separate account. In the fifth separate account the $30,016.16, representing her said share, was mentioned, but it was not carried out into the total of Schedule C, showing the investments; and it did not appear at all in the sixth separate account. It is argued that this item was real estate, and that it should not be included under clause six of the will. The first answer to this is that apparently this interest was not real estate. By the terms of the trust deed, the share owners were entitled to certificates signed by the trustee, and provision was made for their assignment. Presumably Drury held such a certificate as trustee for Mrs. Young; and when he sold the property to the Taylors in 1903 he did so by an assignment. But whether the share held by Drury in trust for Mrs. Young be regarded as real estate or personal property, it was his duty, in accordance with the provisions of the eighth clause, to hold these proceeds of the sale of real estate under the sixth clause. And as matter of fact Drury did so hold and account for this interest of Mrs. Young. The assignment to the Taylors recites that the "share of the par value of thirty thousand dollars in the Rupp Trust" which he was transferring, was held by him "under the Trust created by the sixth clause of said will for the benefit of Frances J. Young." Further he charged himself with this share in his first five accounts, all made by him as trustee "for the benefit of Frances J. Young under clause six of said will." And in his application for

the $8,000 bond he certified that there was no real estate belonging to the trust.

Without further detailed examination of said six accounts, it is manifest from what has been said that we cannot say the single justice was wrong in reopening them. As to the suggestion that in any event only the last two should be opened for examination, we adopt what the respondents say in another part of their brief: "as all six separate accounts were presented together, they must be considered all together, and as a continuing or serial story."

2. As to vacating the decree of June 20, 1900, discharging the respondent company as surety. Much that has already been said is applicable here. It is strenuously argued by the surety company that the $100,000 bond in question was given for the faithful performance by the trustee of his duties under the eighth clause of the will of Frances Rupp, and not under the sixth clause; and that the trustee distributed all the property in his hands under the eighth clause before its discharge. There is nothing in the petition of Drury, in the decree appointing him, or in the bond executed by the respondent company, to support this claim. He was the sole and general trustee under the will. The inventory showed in detail all of the real estate of Mrs. Rupp, and the personal estate as held under the first, second, fourth, sixth and eighth clauses of her will. In his accounts the trustee included the property held under both the sixth and the eighth clauses. It now appears that all of the property held in trust for Mrs. Young has been dissipated. The respondent company, which was paid to provide security for her, was discharged on the basis of false accounts presented to the Probate Court by the respondent Drury. Presumably the discharge would not have been granted if the facts, especially the omission of $30,016.16 from the sixth separate account, had been brought to the attention of the court. The company permitted Drury to prepare and present the petition for its discharge, and profited by his assent thereto, without making any apparent effort to discover whether he had faithfully performed his trust. It seems significant that the bond was not reduced, and the same surety retained, rather than exchanged for one with inexperienced women as sureties. Admittedly the petitioner has not been guilty of laches. We cannot say that the single justice was plainly wrong in affirming the decree of the Probate

Court. This will ensure adequate hearing to determine whether there was a breach of the bond.

In the case of each appeal let the entry be

*Decree affirmed.*